UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

HONEEDEW INVESTING LLC,

                            Plaintiff,

   -against-

CARLOS ABADI and BARBARA ABADI,

                        Defendants.

------------------------------------------------------------ x

**OPINION AND ORDER
GRANTING MOTION TO
REMAND**

24 Civ. 6434 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff moves to remand this case to the New York County Supreme Court, arguing that no federal removal jurisdiction exists. I agree, and I grant Plaintiff's motion to remand but decline to award Plaintiff attorney's fees.

## BACKGROUND

      On May 9, 2017, Plaintiff filed an affidavit in support of a confession of judgment against Defendants in New York County Supreme Court. *Honeedew Investing LLC v. Abadi*, Index No. 652654/2017 (N.Y. Cnty. Sup. Ct. 2017), Dkt. 1. The court entered judgment against Defendants, jointly and severally, in the amount of $4,655,622.23 on May 17, 2017. Dkt. 3. Defendants did not satisfy this judgment, and the state court found them in civil content. Dkts. 449-50. On May 20, 2024, the state court ordered Defendants incarcerated for "up to four months" until they paid the purge amount as well as interest. Dkt. 468.

      While incarcerated on Rikers Island, Defendant Barbara Abadi filed a Chapter 7 bankruptcy petition. *In re Barbara J. Abadi*, 24 Bk. 42783 (E.D.N.Y. Bankr. 2024), Dkt. 1. On July 23, 2024, Bankruptcy Judge Jill Mazer-Marino ruled that Ms. Abadi's filing of her bankruptcy petition automatically stayed all further acts to enforce or collect Plaintiff's judgment, *see* 11 U.S.C. § 362(a), and found Plaintiff in civil contempt for violating this automatic stay. Dkt. 18. Consequently, Ms. Abadi was released from Rikers Island. On August 9,

2024, Mr. Abadi filed a Chapter 7 bankruptcy petition of his own. *In re Carlos A. Abadi*, 24 Bk. 43315 (E.D.N.Y. Bankr. 2024), Dkt. 1. Following this filing, Plaintiff consented to the entry of an order by the state court directing Mr. Abadi's release from Rikers Island.

On August 26, 2024, Defendants removed the state civil case to this Court. ECF No. 1. And on September 26, 2024, Plaintiff filed a motion for remand. ECF No. 5.

## LEGAL STANDARD

Federal law provides that parties may remove "any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim under [28 U.S.C. § 1334]." 28 U.S.C. § 1452(a). In turn, 28 U.S.C. § 1334 vests federal courts with original jurisdiction over all civil proceedings arising under, or related to, matters under the federal Bankruptcy Code.

After a case has been removed to federal court, a plaintiff may file a motion to remand the action back to state court "on the basis of any defect" or if the "district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Out of respect for the rights of states and in consideration of the limited jurisdiction of federal courts, "[s]tatutory procedures for removal are to be strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and any doubts must be resolved against removability. *California v. Atl. Richfield Co.*, 488 F.3d 112, 124 (2d Cir. 2007). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). Moreover, "the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise," *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000).

## DISCUSSION

Defendants argue that they properly removed this case to federal court. But they are wrong. Removal jurisdiction predicated on a bankruptcy-related matter only applies to "civil

actions." 28 U.S.C. § 1452(a). The statute governing confessions of judgment under New York law provides that "a judgment by confession may be entered, *without an action*, either for money due or to become due," and "[t]he judgment may be docketed and enforced in the same manner and with the same effect as a judgment in an action in the supreme court." N.Y. C.P.L.R. § 3218 (emphasis added). Accordingly, "the statute itself distinguishes a 'judgment by confession' as a matter distinct and separate from an 'action'" that may be removed to federal court. *24 Capital Funding, LLC v. Peters Broad. Eng'g, Inc.*, 19 Civ. 4929 (NSR), 2019 WL 5294841, at *2 (S.D.N.Y. Oct. 18, 2019). And "[o]nce a confession of judgment is filed and entered, no further proceedings remain; therefore, a confession of judgment does not amount to a removable 'action.'" *Id.*; *see Pearl Beta Funding, LLC v. Biodata Med. Labs., Inc.*, 16 Civ. 1033, 2019 WL 3940244, at *2 (W.D.N.Y. Aug. 21, 2019) (ruling that a judgment by confession under N.Y. C.P.L.R. § 3218 does not constitute a "claim" or "cause of action" that can be removed—despite the pendency of a related bankruptcy case—under 28 U.S.C. § 1452).

Here, Defendants have not properly established the existence of any "claim" or "cause of action" pending in state court. Indeed, there is nothing here to remove to federal court. The bankruptcy court stayed Plaintiff's efforts to enforce or otherwise collect the judgment, and ordered the state court to retain custody of Defendants' passports. Thus, "[t]here is no claim or cause of action pending in state court." *Pearl Beta Funding*, 2019 WL 3940244, at *2. Removal jurisdiction does not exist for matters ancillary to state court proceedings. *Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905, 917 (2d Cir. 2024). Accordingly, Defendants' removal was improper, and I remand this case to state court.

## CONCLUSION

Based on the foregoing, I grant Plaintiff's motion to remand this case back to the New York County Supreme Court.

I also decline to grant Plaintiff's request for attorney's fees. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139-41 (2005). There is no evidence here that removal was "sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 141. And though I remand this case, Defendants' removal was "not merely an attempt to abuse or harass plaintiff, or to force plaintiff to incur unnecessar[y] expenses," nor can I say that Defendants' arguments were frivolous. *Sokola v. Weinstein*, 20 Civ. 925 (LJL), 2020 WL 3605578, at *18 (S.D.N.Y. July 2, 2020) (citation omitted). Accordingly, the parties shall bear their own attorney's fees. *Pearl Beta Funding*, 2019 WL 3940244, at *2.

The Clerk of Court shall terminate ECF No. 5 and close this case.

SO ORDERED.

Dated:     November _13_, 2024
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4